FILED

MAR 19 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ERICK PAOLO MELGAR DUARTE, | No. 12-73631 |
| Petitioner, | Agency No. A070-553-138 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 10, 2014[**]

Before:     PREGERSON, LEAVY, and MURGUIA, Circuit Judges.

Erick Paolo Melgar Duarte, a native and citizen of Guatemala, petitions for review of an order of the Board of Immigration Appeals ("BIA") dismissing his appeal from the decision of an immigration judge ("IJ") denying his motion to reopen removal proceedings conducted in absentia. We have jurisdiction under

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252.  We review for abuse of discretion the denial of a motion to reopen.  *Sembiring v. Gonzales*, 499 F.3d 981, 985 (9th Cir. 2007).  We grant the petition for review and remand.

The BIA abused its discretion by denying Melgar Duarte's motion to reopen based on lack of notice because Melgar Duarte presented sufficient evidence of nondelivery of the hearing notice to overcome the weak presumption of effective delivery applicable to service of notices sent by regular mail.  *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 822 (9th Cir. 2011) ("Where a petitioner actually initiates a proceeding to obtain a benefit, appears at an earlier hearing, and has no motive to avoid the hearing, a sworn affidavit from petitioner that neither [he] nor a responsible party residing at [his] address received the notice should ordinarily be sufficient to rebut the presumption of [regular mail] delivery." (citation omitted)); *see also Sembiring*, 499 F.3d at 988 ("[Filing an] asylum application falls directly within [the] description of 'initiat[ing] a proceeding to obtain a benefit.'" (citation omitted)).

We therefore grant the petition for review and remand the matter to the BIA with directions that it remand to the IJ to grant Melgar Duarte's motion to reopen in order to rescind the in absentia removal order entered against him.

**PETITION FOR REVIEW GRANTED; REMANDED.**